**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

VIVIAN JANE THACKER,

                    Plaintiff,

vs.                                           Case No. 8:14-cv-1871-T-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                    Defendant.

_____/

## <u>OPINION AND ORDER</u>[1]

### I.  Status

      Vivian Jane Thacker ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is as result of "sacr[o]iliac syndrome," "facet arthropathy," [b]ack pain," and "leg problems[.]"  Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed October 9, 2014, at 87, 94, 211.  On September 1, 2011, Plaintiff filed an application for DIB, alleging an onset disability date of August 1, 2011. Tr. at 164-67; <u>see also</u> Tr. at 11.  Plaintiff's application was denied initially, <u>see</u> Tr. at 85, 86, 101-05, and was denied upon reconsideration, <u>see</u> Tr. at 84, 93, 110-14.

      On February 8, 2013, an Administrative Law Judge ("ALJ") held a hearing, during which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified. Tr. at 8-43.  At the time of the hearing, Plaintiff was fifty-five (55) years old.  Tr. at 12.  The

---

[1]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  <u>See</u> Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed October 9, 2014; Reference Order (Doc. No. 13), entered October 10, 2014.

ALJ issued a Decision on February 19, 2013, finding Plaintiff not disabled through the date of the Decision.  Tr. at 58-68.

After the ALJ's Decision was issued, the Appeals Council received from Plaintiff, and incorporated into the administrative transcript, some additional evidence in the form of a brief from Plaintiff's attorney representative and hospital treatment records dated February 10, 2013 through February 14, 2013.  Tr. at 5-6; see Tr. at 226-28 (representative brief), 710-871 (hospital treatment records).  On July 9, 2014, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner.  On August 4, 2014, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises four issues on appeal.  The first issue is whether "the ALJ erred in basing her [residual functional capacity ("RFC")] assessment on the opinion of [Joseph Ryan] Cotton, [M.D.,] whose opinion was based solely on the condition of Plaintiff's right knee[.]" Plaintiff's Memorandum of Law (Doc. No. 19; "Pl.'s Mem."), filed December 23, 2014, at 8 (emphasis and some capitalization omitted).  The second issue is whether the ALJ's "finding of not disabled is inconsistent with the RFC assessment."  Pl.'s Mem. at 11 (emphasis and some capitalization omitted).  The third issue is whether "the finding that Plaintiff was 'not entirely credible' is based on an error of law[.]"  Id. at 12 (emphasis and some capitalization omitted).  Finally, the fourth issue is whether the ALJ "fail[ed] to consider side effects of Plaintiff's medication[.]"  Id. at 17 (emphasis and some capitalization omitted).  On February 20, 2015, Defendant responded to these issues by filing a Memorandum in Support of the

Commissioner's Decision (Doc. No. 20; "Def.'s Mem.").  After a thorough review of the entire record and consideration of the parties' respective filings, the undersigned determines that the Commissioner's final decision is due to be affirmed for the reasons stated herein.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[2] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the sequential inquiry through step four, where she ended the inquiry based upon her finding at that step.  See Tr. at 60-67.  At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since August 1, 2011, the alleged onset date." Tr. at 60 (emphasis and citation omitted).  At step two, the ALJ found Plaintiff suffers from "the following severe impairments: sacroiliac syndrome, facet arthropathy, knee pain, and arthritis." Tr. at 60 (emphasis and citation omitted).  At step

---

[2]        "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"   42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 60 (emphasis and citations omitted).

The ALJ determined that Plaintiff has the following RFC:

> [Plaintiff can] perform sedentary work as defined in 20 CFR [§] 404.1567(a) except [Plaintiff] can lift and carry up to 10 pounds, stand or walk for two out of eight hours, and sit for six out of eight hours. [Plaintiff] can occasionally push or pull. She can do no climbing, crouching or kneeling, but can do occasional balancing, stooping, and crawling. [Plaintiff] should have no exposure to unprotected heights, moving machinery, or hazards. She has the option to change position between sitting and standing every fifteen to thirty minutes. [Plaintiff] needs to use an assistive device for balance and to ambulate. She has the option to elevate her feet twelve inches off the floor.

Tr. at 61 (emphasis omitted). At step four, the ALJ found that Plaintiff "is capable of performing past relevant work as a customer order clerk," as "[t]his work does not require the performance of work-related activities precluded by [Plaintiff's RFC]."[3] Tr. at 67 (emphasis and citation omitted). The ALJ concluded that Plaintiff "has not been under a disability . . . from August 1, 2011, through the date of th[e D]ecision." Tr. at 67 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320,

---

[3]        Plaintiff also has past relevant work as an "auto parts clerk" and a "housekeeper." Tr. at 67 (citations omitted).

1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

Plaintiff's first and second issues are related and are addressed together.  Similarly, Plaintiff's third and fourth issues are related and are addressed together.

## A.  RFC / Hypothetical to VE (Issues One and Two)

Plaintiff contends the RFC determination is flawed because it relies heavily on the opinion of Dr. Cotton, Plaintiff's treating physician for her right knee problems, and because it does not adequately take into account Plaintiff's back or neck impairments.  Pl.'s Mem. at 8-11.  Plaintiff also contends that the RFC in the written Decision is not supported by substantial evidence.  Id. at 11-12.  In making this argument, Plaintiff focuses on a

hypothetical that was presented to the VE as the first of a number of hypotheticals, id. at 11-12; based upon that particular hypothetical, the VE testified that Plaintiff is not able to return to her past relevant work, Tr. at 37-38.  Plaintiff argues that had the ALJ adopted as the RFC the first hypothetical to the VE, the ALJ would not have been able to find at step four that Plaintiff can return to her past relevant work.  Pl.'s Mem. at 11-12.  So, essentially, Plaintiff contends that the ALJ conformed the RFC to fit within the parameters of Plaintiff's past work, and as a result, the RFC is not supported by the evidence.

As to Plaintiff's argument about the RFC not accounting for her back impairments because it relied too heavily on Dr. Cotton's opinion, Defendant responds that the ALJ "followed the correct legal standards when assessing Plaintiff's RFC and properly considered Dr. Cotton's opinion in conjunction with the entire record."  Def.'s Mem. at 3 (emphasis omitted).  Regarding Plaintiff's argument about the RFC being conformed to fit within the parameters of Plaintiff's past work, Defendant contends that "Plaintiff did not establish that the RFC [ultimately assigned] precluded her from performing her past relevant work as a customer order clerk."  Id. at 7 (emphasis omitted).

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations."  20 C.F.R. § 404.1545(a)(1).  It is used at step four of the sequential evaluation process to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy.  20 C.F.R. § 404.1545(a)(5).

At steps four and five, an ALJ may pose a hypothetical question to a VE as part of his or her determination of whether the claimant can perform past relevant work or obtain work in the national economy.  See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (discussing reliance on a VE's testimony at step five) (citing Wolfe v. Chater, 86 F.3d 1072, 1077-78 (11th Cir. 1996)); Hines-Sharp v. Comm'r of Soc. Sec., 511 F. App'x 913, 915-17 (11th Cir. 2013) (unpublished) (discussing reliance on a VE's testimony at step four).  When the ALJ relies on the testimony of a VE, "the key inquiry shifts" from the RFC assessment in the ALJ's written decision to the adequacy of the RFC description contained in the hypothetical posed to the VE.  Corbitt v. Astrue, No. 3:07-cv-518-J-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008) (unpublished) (citation omitted).

In determining an individual's RFC and posing a hypothetical to a VE that includes the RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"  SSR 96-8P, 1996 WL 374184, at *5; see also 20 C.F.R. § 404.1545(a)(2); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)); Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985) (stating that "[w]here a claimant has alleged a multitude of impairments, a claim . . . may lie even though none of the impairments, considered individually, is disabling") (internal quotation and citations omitted).  "[F]or a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  Wilson, 284 F.3d at 1227 (citing Jones v. Apfel,

190 F.3d 1224, 1229 (11th Cir. 1999)); see also Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (citation omitted).

Here, the ALJ properly assessed Plaintiff's RFC, and the ultimate RFC that was adopted by the ALJ substantially conformed to one of the hypotheticals presented to the VE. Compare Tr. at 61, with Tr. at 39-40.  Based upon that particular hypothetical, the VE testified that Plaintiff could perform her past work as a customer order clerk, Tr. at 39, so the ALJ's step four finding in this regard is supported by substantial evidence.  A more detailed discussion follows.

Plaintiff is correct that the ALJ gave "great weight" to Dr. Cotton's December 12, 2012 opinion, Tr. at 66, and incorporated the majority of it in the RFC, Tr. at 61, 66.  Among other things, Dr. Cotton opined that Plaintiff can lift and/or carry 10 pounds up to 1/3 of a work day; Plaintiff can stand and/or walk 1-2 hours during the work day; Plaintiff has no limitations with regard to sitting and can sit for a "[f]ull work day"; Plaintiff can occasionally balance, stoop, or crawl; Plaintiff can never climb, crouch, or kneel; Plaintiff has no limitations regarding reaching, handling, feeling, seeing, or speaking; and Plaintiff has limitation in the area of pushing/pulling.  Tr. at 343-44.  Dr. Cotton stated that Plaintiff has no need to elevate her feet, but she does need to change position frequently and have the ability to alternate between sitting and standing.  Tr. at 345.  Dr. Cotton also opined that Plaintiff's limitations do not preclude her from sustaining employment for eight hours a day, five days a week.  Tr. at 345.

Although the ALJ relied heavily on Dr. Cotton's opinion in formulating Plaintiff's RFC, this reliance was not to the exclusion of the other evidence in the administrative transcript.

In fact, the ALJ summarized in detail all of the medical evidence, including the evidence specifically relating to Plaintiff's back problems, Tr. at 62-66.  The ALJ then concluded after summarizing this evidence that "[t]he limitations suggested by Dr. Cotton are mostly consistent with [Plaintiff's] testimony and the medical records showing extensive treatment, including physical therapy, pain management, and surgery, for neck, back, and knee pain since 2010," Tr. at 66-67.  The ALJ's finding is supported by substantial evidence.

In arguing that the ALJ conformed the RFC to fit within the parameters of Plaintiff's past relevant work, Plaintiff focuses on the ALJ's statement in the RFC that Plaintiff needs "the option to change position between sitting and standing every fifteen to thirty minutes." Tr. at 61.  Although the first hypothetical presented to the VE was more restrictive, limiting Plaintiff to "sit[ting] and stand[ing] at will without leaving the work station," Tr. at 38, a later hypothetical essentially tracked the language in the RFC: "[Plaintiff must] have the sit/stand option, to stand up every 15 to 30 minutes to change position and stretch," Tr. at 40. In response to the latter of these hypotheticals, the VE responded that Plaintiff "could still perform the job of custom[er] order clerk[.]"  Tr. at 40.  While Plaintiff urges that the first hypothetical should be the one that carries the day, the undersigned has already found, supra, that the RFC is supported by substantial evidence.  Because the RFC was presented to the VE as the latter hypothetical, the VE's testimony that Plaintiff can perform her past relevant work is supported by substantial evidence.

## B.  Credibility / Side Effects (Issues Three and Four)

Plaintiff contends that the ALJ erred in discrediting Plaintiff because the ALJ supposedly "failed to consider Plaintiff's regular use of medications, the variety of treatment

modalities she attempted (medication, surgery, physical therapy, injections), her compliance with referrals to specialists, and use of a variety of treatment sources as evidence of the credibility of her statements about the pain[.]" Pl.'s Mem. at 17.  Plaintiff further contends that the ALJ failed to consider "the documented side effects (drowsiness, dizziness and sleepiness) of [Plaintiff's] medications." Id.  Defendant responds that the ALJ "properly evaluated Plaintiff's subjective statements [(including the statements about the side effects of her medication)], and her credibility finding is supported by substantial evidence." Def.'s Mem. at 10 (emphasis omitted); see id. at 14-15 (regarding the side effects argument).

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson, 284 F.3d at 1225 (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)).  "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.3d at 1223.

Although "credibility determinations are the province of the ALJ," Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005), "explicit and adequate reasons" must be articulated if the ALJ discredits the claimant's testimony, Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (stating that "after considering a claimant's complaints of pain [or other subjective symptoms], the ALJ may reject them as not creditable, and that determination will be reviewed for substantial

evidence"). "When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)).

Here, the ALJ summarized Plaintiff's hearing testimony in detail, Tr. at 61-62, before finding "that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this [D]ecision," Tr. at 62.  The ALJ then provided a detailed summary of the medical evidence.  Tr. at 62-66.  Finally, the ALJ made the following observations and findings regarding Plaintiff's credibility:

> I gave credit to [Plaintiff's] testimony regarding her need to elevate her legs and use a cane and incorporated those limitations in the RFC despite the fact that the cane was not prescribed by a physician.  MRI of the cervical and right knee did show some findings consistent with the reports of neck and knee pain. Multiple physicians did observe signs of tenderness, limited range of motion, and antalgic gait.  However, the Workers Compensation records indicate that [Plaintiff] appeared to exaggerate her pain symptoms beyond what the objective evidence showed.  The physician specifically noted in the medical source statement that [Plaintiff's] pain would not keep her from sustaining employment for a regular workweek . . . .  Even giving credit to [Plaintiff's] testimony regarding her limitations, there is little to support finding that [Plaintiff] is disabled.

Tr. at 67.  The ALJ's overall credibility finding is supported by substantial evidence, including the ALJ's observation of Plaintiff's treating worker's compensation physicians noting that she appeared to be exaggerating her symptoms.  See, e.g., Tr. at 553 (treating physician note

documenting that Plaintiff was "visibly upset" during examination and alleged various sorts of pain, but "[o]f note: [w]hen formal examination finished, she moved about easily, was joking and happy, and seemed to be in no distress what so ever"); Tr. at 557 (treating physician note indicating, "Not sure how much of her 'pain' is symptom magnification"). Further, although the ALJ did not specifically discuss Plaintiff's alleged side effects in making a credibility finding, the ALJ did recognize Plaintiff's testimony that she "denied any side effects except for drowsiness." Tr at 62; see Tr. at 23 (Plaintiff confirming there are no side effects to her medications, except that they make her "sleepy and drowsy"). In now contending that she suffers from "drowsiness, dizziness, and sleepiness," Pl.'s Mem. at 17, Plaintiff points to a number of treating physician notes that indicate unidentified "side effects [from Plaintiff's medication] have been established," Tr. at 375, 378, 395, 398, 401, 404, 407, 410, 413, 416, 419, 422, 425 (capitalization omitted). However, in those same notes and others, Plaintiff consistently denied both dizziness and fatigue. Tr. at 375, 378, 389, 392, 395, 398, 401, 404, 407, 410, 413, 416, 419, 422, 425. In sum, while the ALJ did not specifically discuss Plaintiff's alleged side effects in discrediting her, the ALJ's credibility determination is supported by substantial evidence and need not be disturbed.[4]

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

---

[4]     Plaintiff also suggests that she could not afford some of the suggested treatment, so this cannot be counted against her. Pl.'s Mem. at 16. The ALJ did not rely upon Plaintiff's alleged inability to afford treatment as a reason for discrediting her; to the contrary, the ALJ recognized Plaintiff's "extensive treatment, including physical therapy, pain management, and surgery[.]" Tr. at 66.

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of

42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's final decision.

2.     The Clerk is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on September 24, 2015.

*James R. Klindt*

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of record